UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11897-WGY

|  |  |
|---|---|
| MASSAMONT INSURANCE AGENCY, INC.<br><br>      Plaintiff,<br><br>v.<br><br>UTICA MUTUAL INSURANCE COMPANY<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND**

Defendant Utica Mutual Insurance Company ("Utica") hereby answers the complaint of Massamont Insurance Agency, Inc. ("Massamont").

**PARTIES**

1. Utica admits the first sentence of this paragraph, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

2. Admitted.

**JURISDICTION**

3. This paragraph contains only legal allegations and conclusions that require no response. To the extent a response is required, Utica admits that Massamont alleges damages in excess of $75,000, exclusive of interest and costs, and that the parties are citizens of different states. Utica denies the remaining allegations of this paragraph.

4. Admitted.

5-10.   Utica admits that the Policy contains the quoted language, but denies that the quoted excerpts are complete.  Further answering, Utica states that the Policy speaks for itself.

11.   Utica admits that the Policy was issued to Massachusetts insureds, but denies that it issued the Policy in Massachusetts.  Utica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### B. The Westchester/Massamont Agency Agreement

12-19.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.  Further answering, Utica states that its knowledge of the business dealings between Massamont and Westchester Fire Insurance Company ("Westchester") is based solely on its review of documents provided to Utica by Massamont in connection with Massamont's demand that Utica defend and indemnify Massamont against Westchester's claim that Massamont breached the Agency Agreement by transferring program business to Axis Specialty Insurance Company ("Axis").  Utica further states that these allegations are wholly irrelevant to Massamont's claims in this matter.

### C. The Westchester/Massamont Dispute

20-25.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.  Further answering, Utica states that its knowledge of the business dealings between Massamont and Westchester, and between Massamont and Axis, is based solely on its review of documents provided to Utica by Massamont in connection with Massamont's demand that Utica defend and indemnify Massamont against Westchester's claim that Massamont breached the Agency Agreement by transferring program business to Axis. Utica further states that these allegations are wholly irrelevant to Massamont's claims in this matter.

### D. The Westchester/Massamont Arbitration

26.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Further answering, Utica states that the July 9, 2003 letter from Westchester to Massamont speaks for itself.

27.     Utica admits that the Demand for Arbitration attached to the Complaint is dated October 23, 2003, and that it is a true and correct copy of the Demand for Arbitration (hereinafter "Westchester's Arbitration Demand") forwarded to Utica by Massamont on or about October 28, 2003. Utica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

28-29.  Utica states that Westchester's Arbitration Demand speaks for itself. Further answering, Utica denies that Westchester's Arbitration Demand was premised on any alleged deficiencies by Massamont in performing its underwriting duties under the Agency Agreement. To the contrary, Westchester's Arbitration Demand was premised solely on Massamont's transfer of the program business to Axis. Utica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs.

30.     Utica states that Westchester's Arbitration Demand speaks for itself. Further answering, Utica states that Westchester specifically alleged in its Arbitration Demand that Massamont carried out its transfer of the program business to Axis "secretly" and without notifying Westchester of its intent to do so.

### E. Utica Mutual's Denial of Coverage

31.     Admitted.

32.     This paragraph contains only legal allegations and conclusions that require no response. To the extent a response is required, these allegations are denied.

3

33. Utica admits that it sent the referenced letter to Massamont on or about March 4, 2004. Further answering, Utica states that its March 4, 2004 letter speaks for itself. Utica admits that it disclaimed any obligation to defend or indemnify Massamont against Westchester's breach of contract claim. Utica further states that Massamont never challenged this disclaimer of coverage prior to commencement of the arbitration proceedings on November 16, 2004.

34. Admitted.

35. Denied.

### F. Outcome of Westchester/Massamont Arbitration

36. Admitted.

37. Utica admits the first sentence of this paragraph, except Utica states that the Award does not characterize the damages awarded as "compensatory." Further answering, Utica states that the Award speaks for itself.

38. Admitted.

### COUNT I
### (Breach of Contract – Duty to Defend)

39. Utica restates its responses to Paragraphs 1-38 as if fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

44. Denied.

45. Denied.

46. Denied.

4

WHEREFORE, Utica respectfully requests that this Court enter judgment in favor of Utica with respect to Count I of the complaint and award Utica its costs and attorneys' fees.

## COUNT II
### (M.G.L. Chapter 93A – Duty to Defend)

47. Utica restates its responses to Paragraphs 1-46 as if fully set forth herein.

48. Denied.

49. Utica admits that it consistently and on multiple occasions advised Massamont that it had no duty to defend or indemnify Massamont against Westchester's Arbitration Demand. Utica denies the remaining allegations of this paragraph.

50. Utica admits that it first denied coverage by letter dated March 4, 2004. Further answering, Utica states that its March 4, 2004 letter speaks for itself.

51. Utica states that its March 4, 2004 letter and the Policy speak for themselves.

52. Utica admits that it received a December 6, 2004 letter from counsel for Massamont, purporting to respond to Utica's March 4, 2004 disclaimer of coverage. Utica denies that Massamont requested in this letter that Utica "immediately assume Massamont's defense," which would have been impractical in any event because by that date the arbitration was well underway. Utica further admits that by letter dated March 31, 2005, Utica affirmed its disclaimer of coverage. Utica denies the remaining allegations of this paragraph.

53. Utica states that its March 31, 2005 letter speaks for itself. Further answering, Utica states that this paragraph essentially consists of legal argument to which no response is required. To the extent a response is required, Utica denies the allegations of this paragraph.

54. Utica admits that by letter dated May 19, 2005, it reaffirmed its disclaimer of coverage. Further answering, Utica states that its May 19, 2005 letter speaks for itself. Utica

further states that this paragraph essentially consists of legal argument to which no response is required. To the extent a response is required, Utica denies the allegations of this paragraph.

55. Utica states that its May 19, 2005 letter speaks for itself. Further answering, Utica states that this paragraph essentially consists of legal argument to which no response is required. To the extent a response is required, Utica denies the allegations of this paragraph.

56. Utica admits that by letter dated June 15, 2005, it reaffirmed its disclaimer of coverage. Further answering, Utica states that its June 15, 2005 letter speaks for itself. Utica further states that this paragraph essentially consists of legal argument to which no response is required. To the extent a response is required, Utica denies the allegations of this paragraph.

57. Utica admits that it consistently and on multiple occasions denied that it had any duty to defend or indemnify Massamont against the claim alleged in Westchester's Arbitration Demand. Utica further admits, on information and belief, that Westchester's claim against Massamont never changed from what was alleged in Westchester's Arbitration Demand.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Utica admits that Massamont sent a letter to Utica dated August 8, 2005, and that Utica responded by letter dated August 29, 2005. Further answering, Utica states that these two letters speak for themselves. Utica denies any remaining allegations of this paragraph.

WHEREFORE, Utica respectfully requests that this Court enter judgment in favor of Utica with respect to Count II of the complaint and award Utica its costs and attorneys' fees.

## COUNT III
### (Declaratory Judgment – Duty to Defend)

63. Utica restates its responses to Paragraphs 1-62 as if fully set forth herein.

64. Utica admits the allegations of the first sentence of this paragraph, and admits that it refused and declined to defend Massamont in the federal district court action commenced by Westchester (hereinafter "Westchester Confirmation Proceedings"). Utica denies the remaining allegations of this paragraph.

65. This paragraph contains only legal allegations and conclusions that require no response. To the extent a response is required, Utica denies the allegations of this paragraph.

66. This paragraph contains only legal allegations and conclusions that require no response. To the extent a response is required, Utica denies the allegations of this paragraph.

67. This paragraph contains only legal allegations and conclusions that require no response. To the extent a response is required, Utica denies the allegations of this paragraph.

WHEREFORE, Utica respectfully requests that this Court enter judgment in favor of Utica with respect to Count III of the complaint and award Utica its costs and attorneys' fees. Further, to the extent the Court issues declaratory relief, Utica requests that the Court enter judgment declaring that Utica had no duty to defend Massamont against either of Westchester's Arbitration Demand or Westchester's Confirmation Proceedings.

## COUNT IV
### (Breach of Contract – Duty to Indemnify)

68. Utica restates its responses to Paragraphs 1-67 as if fully set forth herein.

69. Denied.

70. Denied.

71. Utica states that the Award speaks for itself. Further answering, Utica denies the allegations of this paragraph.

72. Utica states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

73. Denied.

74. Denied.

75. Denied.

WHEREFORE, Utica respectfully requests that this Court enter judgment in favor of Utica with respect to Count IV of the complaint and award Utica its costs and attorneys' fees.

## COUNT V

### (M.G.L. Chapter 93A – Duty to Indemnify)

76. Utica restates its responses to Paragraphs 1-75 as if fully set forth herein.

77. Denied.

78. Denied.

79. Utica admits that it consistently and on multiple occasions advised Massamont that Utica had no duty to defend or indemnify Massamont against the Westchester Arbitration Demand. Utica denies any remaining factual allegations of this paragraph.

80. On information and belief, Utica admits that Westchester's claim against Massamont never changed from what was alleged in Westchester's Arbitration Demand. Utica denies any remaining factual allegations of this paragraph.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Utica admits that Massamont sent a letter to Utica dated August 8, 2005, and that Utica responded by letter dated August 29, 2005. Further answering, Utica states that these two letters speak for themselves. Utica denies any remaining allegations of this paragraph.

WHEREFORE, Utica respectfully requests that this Court enter judgment in favor of Utica with respect to Count V of the complaint and award Utica its costs and attorneys' fees.

## COUNT VI
### (Declaratory Judgment – Duty to Indemnify)

86. Utica restates its responses to Paragraphs 1-85 as if fully set forth herein.

87. Utica admits the allegations of the first sentence of this paragraph, and admits that it has refused and declined to indemnify Massamont. Utica denies the remaining allegations of this paragraph.

88. This paragraph contains only legal allegations and conclusions that require no response. To the extent a response is required, Utica denies the allegations of this paragraph.

89. This paragraph contains only legal allegations and conclusions that require no response. To the extent a response is required, Utica denies the allegations of this paragraph.

90. This paragraph contains only legal allegations and conclusions that require no response. To the extent a response is required, Utica denies the allegations of this paragraph.

WHEREFORE, Utica respectfully requests that this Court enter judgment in favor of Utica with respect to Count VI of the complaint and award Utica its costs and attorneys' fees. Further, to the extent the Court issues declaratory relief, Utica requests that the Court enter judgment declaring that Utica has no duty to indemnify Massamont for the amount of the Award.

9

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Utica specifically denies that it violated G.L. c. 93A or G.L. c. 176D with respect to the underlying matter that is the subject of this action.

### SECOND AFFIRMATIVE DEFENSE

Massamont has failed to state a claim against Utica upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Massamont's claims against Utica, to the extent they are equitable, are barred by equitable defenses, including estoppel, waiver and laches.

### FOURTH AFFIRMATIVE DEFENSE

Massamont's claims against Utica are barred by the doctrine of collateral estoppel.

## JURY CLAIM

Utica demands a trial by jury on all issues so triable.

UTICA MUTUAL INSURANCE COMPANY<br>
By its attorneys,<br>
<br>
_____<br>
Russell F. Conn, Esq. (BBO #094440)<br>
Erin K. Higgins, Esq. (BBO #559510)<br>
CONN KAVANAUGH ROSENTHAL<br>
 PEISCH & FORD, LLP<br>
Ten Post Office Square<br>
Boston, MA  02110<br>
(617) 482-8200

Dated:  November 2, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was mailed on November 2, 2005 to:

> John J. Davis, Esq.
> **PIERCE, DAVIS & PERRITANO, LLP**
> 10 Winthrop Square
> Boston, MA  02110

_____
Erin K. Higgins

238980.1

11