UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11897-WGY

| | |
|---|---|
| MASSAMONT INSURANCE AGENCY, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| UTICA MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

```
YOUNG, D.J. / as modified
So ordered as the case management
scheduling order.
        Discovery due July 31, 2006
        Dispositive Motions due Sept 14, 2006

        William G. Young
        U.S. District Judge
```

## JOINT STATEMENT WITH PROPOSED PRETRIAL SCHEDULE
## PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to the Court's Notice of Scheduling Conference and Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts, counsel for the above-named parties have conferred and state as follows:

**I.    Discovery Plan and Motion Schedule:**

A.    Plaintiff's Proposed Schedule

Massamont Insurance Agency, Inc. ("Massamont") proposes the following pre-trial schedule:

(a)    Automatic Disclosures shall be completed by January 10, 2006;

(b)    Written discovery requests to be served by January 31, 2006, and answers/responses thereto to be served within the time periods provided by the Rules;

1

(c)   Supplemental written discovery requests (if any) to be served by March 31, 2006, and answers/responses thereto to be served within the time periods provided by the Rules;

(d)   All depositions to be completed by May 31, 2006, except for expert witnesses;

(e)   Expert witnesses of party with burden of proof on subject matter of expert's anticipated testimony shall be designated by June 16, 2006; opposing expert witnesses shall be designated within twenty-one (21) days after opponent's designation; designation of experts shall include disclosure of information required by the Federal Rules of Civil Procedure and /or the Local Rules of the United States District Court for the District of Massachusetts; depositions of expert witnesses (if any) shall be completed by July 31, 2006;

(f)   All dispositive motions to be filed by September 14, 2006, and responses thereto ~~to be filed within thirty days thereafter~~ pursuant to Local Rule 7.1.; and

(g)   A final pre-trial conference will be held per order of the Court.

B.   Defendant's Proposed Schedule

Utica Mutual Insurance Company ("Utica") has filed a motion to bifurcate Massamont's Chapter 93A and 176D claims, and to stay discovery on these claims pending issuance of a ruling on Utica's anticipated motion for summary judgment on Massamont's declaratory judgment and breach of contract claims. Because Massamont's declaratory judgment and breach of contract claims can be resolved without the need for any discovery in this action, Utica submits that this is a case in which the automatic disclosures described in Rule 26(a)(1) would not be appropriate. If the Court grants

Utica's motion to bifurcate, Utica proposes the following pre-trial schedule:

Phase I

(a) Summary judgment motions on Massamont's breach of contract and declaratory judgment claims shall be filed by February 28, 2006;

(b) Oppositions to motions for summary judgment on Massamont's breach of contract and declaratory judgment claims shall be filed by March 31, 2006;

(c) Reply briefs in support of summary judgment motions on plaintiff's breach of contract and declaratory judgment claims shall be filed by April 14, 2006;

(d) Hearing on motions for summary judgment to be set by the Court;

Phase II

If the Court's rulings on the parties' motions for summary judgment do not dispose of the entire case, Utica proposes that the parties appear before the Court for the purpose of setting a schedule to govern discovery on any remaining issues in the case. Alternatively, should the Court wish to enter such a schedule now, Utica proposes that the following schedule govern discovery:

(e) All written discovery requests to be served within 120 days from the date of entry of the Court's ruling on the summary judgment motions, and answers/responses thereto to be served within the time periods provided by the Rules;

(f) All depositions to be completed within 120 days from the date of entry of the Court's ruling with respect to summary judgment motions, except for expert witnesses;

3

(g) Expert witnesses of party with burden of proof on subject matter of expert's anticipated testimony shall be designated within 150 days from the Court's ruling with respect to summary judgment motions; opposing expert witnesses shall be designated within 180 days after the Court's ruling with respect to summary judgment motion; depositions of expert witnesses (if any) shall be completed within 210 days after the Court's ruling with respect to summary judgment motions.

(h) Additional dispositive motions, if any, to be filed within 240 days from the Court's ruling with respect to initial summary judgment motions, and responses thereto to be filed within thirty days thereafter pursuant to Local Rule 7.1.; and

(i) A final pre-trial conference will be held per order of the Court.

## II. Depositions

A. <u>Plaintiff's Position</u>

Massamont intends to conduct approximately four to six depositions during the discovery period.

B. <u>Defendant's Position</u>

As set forth in its motion to bifurcate, Utica does not believe that any discovery is necessary to resolve Massamont's declaratory judgment and breach of contract claims, and it has moved for a stay on discovery pending issuance of a ruling on anticipated dispositive motions regarding these claims. Should discovery become necessary on Massamont's remaining claims, Utica does not anticipate exceeding the limitations on discovery as set forth in Local Rule 26.1(c).

### III. Certifications

Certifications regarding each party's consultation with counsel concerning budgets and alternative dispute resolution will be filed separately.

### IV. Magistrate

The parties do not presently consent to a trial by Magistrate.

          The Plaintiff,
          MASSAMONT INSURANCE AGENCY, INC.,

          By its attorneys,
          **PIERCE, DAVIS & PERRITANO, LLP**

          /s/ John J. Davis
          John J. Davis, BBO #115890
          10 Winthrop Square
          Boston, MA 02110
          (617) 350-0950

          The Defendant,
          UTICA MUTUAL INSURANCE CO.,

          By its attorneys,
          **CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP**

          /s/ Erin K. Higgins
          Erin K. Higgins, BBO #559510
          Ten Post Office Square
          Boston, MA 02110
          (617) 482-8200

December 12, 2005

242576.1