UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
MASSAMONT INSURANCE          )
AGENCY, INC.                               )
                                                    )
       Plaintiff,                          )
                                                    )   CIVIL ACTION NO. 05-11897-WGY
v.                                                 )
                                                    )
UTICA MUTUAL INSURANCE     )
COMPANY                                    )
                                                    )
       Defendant.                       )
_____)

## UTICA MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

       Defendant Utica Mutual Insurance Company ("Utica"), pursuant to Fed. R. Civ. P. 56, moves for entry of summary judgment on all counts of the Complaint brought by Massamont Insurance Agency, Inc. ("Massamont"). In support of this motion, Utica has submitted a memorandum of law, an affidavit from Utica's counsel appending relevant materials, and an appendix of cited cases. Utica further states as follows.

       1.     In this action, Massamont claims that Utica breached its duties to defend and indemnify Massamont against claims in arbitration made by Westchester Fire Insurance Company ("Westchester"), and that Utica's disclaimer of coverage constituted a violation of Chapters 93A and 176D.

       2.     Westchester's claims against Massamont arose out of Massamont's decision to transfer insurance program business to a competing carrier that Massamont previously had agreed to place with Westchester.

3. At the time Westchester made its demand for arbitration, Massamont sought coverage for Westchester's claims under an errors and omission policy issued by Utica. Because the policy provided coverage only for negligent acts, errors, and omissions, Utica declined coverage.

4. Massamont subsequently was found liable to Westchester for damages in the amount of $2.6 million, and Utica disclaimed any obligation to indemnify Massamont on the same grounds. This action followed.

5. Utica is entitled to entry of summary judgment on all of Massamont's claims. Westchester's arbitration demand alleged that Massamont was liable for breaching its agency agreement with Westchester because Massamont transferred program business to another carrier. Westchester did not allege that Massamont was liable to Westchester for negligently carrying out its professional services under the agreement. Therefore, Utica had no duty to defend Massamont in the action brought by Westchester.

6. Further, because the duty to defend is broader than the duty to indemnify and Utica had no duty to defend, it logically follows that Utica had no duty to indemnify Massamont. The evidentiary record in the arbitration proceedings also demonstrates as a matter of law that no basis for indemnity exists because the award entered against Massamont was not a "loss" covered under Utica's policy.

7. Finally, because Utica did not breach any duties to Massamont, Utica cannot be found liable for a violation of Chapter 93A/176D.

WHEREFORE, for the foregoing reasons, as discussed more fully in the attached memorandum of law, Utica respectfully requests that this Court enter judgment in its favor on all counts of the Complaint.

REQUEST FOR HEARING

Utica respectfully requests that the Court hear argument on this motion.

Respectfully submitted,

UTICA MUTUAL INSURANCE COMPANY

By its attorneys,

/s/ Jacob A. Labovitz
_____
Russell F. Conn, Esq. (BBO#94440)
Erin K. Higgins, Esq. (BBO#559510)
Jacob A. Labovitz, Esq. (BBO#646967)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02110
(617) 482-8200

Dated:  May 8, 2006

### CERTIFICATE OF COMPLIANCE WITH RULE 7.1(A)(2) OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

The undersigned counsel for defendant Utica Mutual Insurance Company ("Utica") certifies that on February 16, 2006, undersigned counsel conferred by telephone with John Davis, counsel for the plaintiff, Massamont Insurance Agency, Inc., in a good faith effort to resolve or narrow the issues set forth in Utica's Motion for Summary Judgment, filed herewith.  This conference was unsuccessful in resolving or narrowing the issues raised in the Motion.

/s/ Jacob A. Labovitz
_____
Jacob A. Labovitz

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system on May 8, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        /s/ Jacob A. Labovitz
        _____
        Jacob A. Labovitz

247459.1