UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
MASSAMONT INSURANCE                 )
AGENCY, INC.                        )
                                    )
            Plaintiff,              )
                                    )       CIVIL ACTION NO. 05-11897-WGY
v.                                  )
                                    )
UTICA MUTUAL INSURANCE              )
COMPANY                             )
                                    )
            Defendant.              )
_____)

**RESPONSE OF UTICA MUTUAL INSURANCE COMPANY TO MASSAMONT INSURANCE AGENCY, INC.'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT[1]**

Defendant Utica Mutual Insurance Company ("Utica") hereby responds to Plaintiff's

Concise Statement of Material Facts In Support of Its Motion for Partial Summary Judgment as

follows.

1.    Utica agrees with the first sentence of this paragraph, and is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of this

paragraph.

2.    Agreed.

3.    Agreed.

---

[1]    Massamont notes in its Statement of Material Facts that certain of the purported statements of fact contained therein are not "necessarily material to the issues in dispute." Utica agrees with that characterization with respect to certain paragraphs of Massamont's statement, as specifically noted below.

**A.**     **The Utica E&O Policy**

4-9.     Utica agrees that the Policy contains the quoted language, but disputes that the quoted excerpts are complete.

10.     Agreed.

**B.**     **The Metroguard and Diplomax Programs**

11.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, but disputes that the factual assertions contained therein are material to the issues now before the Court.

12.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, but disputes that the factual assertions contained therein are material to the issues now before the Court.

13.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, but disputes that the factual assertions contained therein are material to the issues now before the Court.

**C.**     **The Westchester/Massamont Agency Agreement**

14.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, but disputes that the factual assertions contained therein are material to the issues now before the Court.

15.     Agreed.

16.     Utica states that the Agency Agreement speaks for itself.

17.     Utica states that the Agency Agreement speaks for itself.

18.     Utica states that the Agency Agreement speaks for itself.

19-26.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.  Further answering, Utica disputes that the factual assertions contained therein are material to the issues now before the Court.

**D.      The Westchester/Massamont Dispute**

27-33.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.  Further answering, Utica disputes that the factual assertions contained therein are material to the issues now before the Court.

**E.      The Westchester/Massamont Arbitration**

34.      Agreed.

35.      Utica agrees that Massamont denied that it breached the Agency Agreement, but denies that this paragraph accurately characterizes the July 11, 2003 letter, which speaks for itself.

36.      Utica agrees that Westchester submitted to Massamont a Demand for Arbitration of their dispute and states that the Agency Agreement speaks for itself.

37.      Utica states that the Demand for Arbitration speaks for itself.  Further answering, Utica denies that this paragraph accurately characterizes Westchester's Demand.

38.      Utica states that the Demand for Arbitration speaks for itself.  Further answering, Utica denies that this paragraph accurately characterizes Westchester's Demand.

39.      Utica states that the Demand for Arbitration speaks for itself.  Further answering, Utica denies that this paragraph accurately characterizes Westchester's Demand.

**F.      Utica's Denial of Coverage**

40.      Agreed.

41.      Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.  Further answering, Utica disputes that the factual

assertions contained therein are material to the issues now before the Court.  Utica also disputes

that the hearsay statements contained in this paragraph meet the requirements of Rule 56(e).

42.    Utica is without knowledge or information sufficient to form a belief as to the truth

of the allegations of these paragraphs.  Further answering, Utica disputes that the factual

assertions contained therein are material to the issues now before the Court.

43.    Utica is without knowledge or information sufficient to form a belief as to the truth

of the allegations of these paragraphs.  Further answering, Utica disputes that the factual

assertions contained therein are material to the issues now before the Court.

44.    Utica disputes that the factual assertions contained therein are material to the

issues now before the Court.  Further answering, Utica admits that it neither had nor requested

any meetings with Massamont representatives, nor did it request any documents from Massamont.

On information and belief, Mr. Burkitt did request copies of Massamont's communications with

Axis, but Massamont refused to provide such documents.

45.    Agreed.

46.    Agreed.

47.    Agreed.

48.    Disputed.  Massamont was forced to expend costs in defending itself in the

arbitration because it breached the Agency Agreement with Westchester.

**G.    Outcome of Westchester/Massamont Arbitration**

49.    Agreed.

50.    Agreed.

51.    Agreed.

52.    Utica states that the Arbitration Award speaks for itself.

53.    Agreed.

54.    Utica agrees that it disclaimed any obligation to defend or indemnify Massamont against Westchester's Demand.  Utica disputes that it "repeatedly shifted and modified its grounds for denial," see Exhibits I and L1-L5 to Schenck Affidavit, and further disputes that said allegation is material to the issues now before the Court.

55.    Agreed.

56.    Disputed.  Massamont was forced to defend itself against the Petition to Confirm because it breached the Agency Agreement with Westchester.

57.    Disputed.  Massamont has no reasonable basis to support its position that Utica had an obligation to defend and indemnify Massamont against Westchester's Demand.

58.    Disputed.  Massamont has suffered damages because it breached the Agency Agreement with Westchester.

<div style="margin-left: 50%;">

UTICA MUTUAL INSURANCE COMPANY

By its attorneys,

/s/ Jacob A. Labovitz

Russell F. Conn, Esq. (BBO #094440)
Erin K. Higgins, Esq. (BBO #559510)
Jacob A. Labovitz, Esq. (BBO# 646967)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02110
(617) 482-8200

</div>

Dated:  May 26, 2006

## CERTIFICATE OF SERVICE

5

  I hereby certify that this document(s) filed through the ECF system on May 26, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

           /s/ Jacob A. Labovitz

           _____

           Jacob A. Labovitz

254646.1