UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11897-WGY

|  |  |
|---|---|
| MASSAMONT INSURANCE AGENCY, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| UTICA MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT, UTICA MUTUAL INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. The Metrogard and Diplomax Programs were two property insurance programs developed by Massamont several years prior to 2001. (Affidavit of Hilbert Schenck II, ¶ 5). Sometime in 2000, Westchester Fires Insurance Company ("Westchester") expressed an interest in writing property insurance in the New England area. Following discussions with Westchester, Massamont elected, in 2001, to replace the prior insurer on the Metrogard and Diplomax Programs with Westchester.

(Id., ¶ 8). Subject to the foregoing, the plaintiff admits the remaining statements contained in Paragraph 9.

10. Admitted, except that the word "prior" should be inserted between the words "days" and "notice" in the first quoted provision.

11. Admitted, except that the word "business" should be deleted between the words "PROGRAM" and "during."

12. Massamont placed a number of problem accounts with Axis Specialty Insurance Company effective July 1, 2003, including those in eastern Massachusetts and Rhode Island in which Massamont reasonably assumed Westchester had little or no interest. Moreover, the accounts placed with Axis were written on terms previously rejected by Westchester. (Affidavit of Hilbert Schenck II, ¶ 25). Massamont did not believe the transfer of unwanted and/or undesirable accounts to Axis was in violation of its Agency Agreement with Westchester. Massamont reasonably understood it was entitled under the terms of the Agreement to transfer to another insurer any Metrogard and Diplomax Program business that Westchester elected not to write. (Id., ¶ 26). Subject to the foregoing, the plaintiff admits the remaining statements contained in Paragraph 12.

13 Admitted.

14. The plaintiff admits that it received a written Demand for Arbitration from Westchester on or about October 23, 2003. The Demand (a true and accurate copy of which is attached to the Affidavit of Hilbert Schenck II as Exhibit "H") is a written document which speaks for itself. The plaintiff disputes defendant's selective interpretation of the Demand, and maintains, instead, that the document must be read as a whole.

15. Admitted.

16. The plaintiff admits that Utica sent a denial letter to Massamont dated March 4, 2004. The denial letter (a true and accurate copy of which is attached to the Affidavit of Hilbert Schenck II as Exhibit "I") is a written document which speaks for itself. The plaintiff disputes the remainder of the statements contained in Paragraph 16. After citing several exclusions from coverage, Utica then stated:

> *Summarily*, Westchester's claim of Massamont's deliberate and secret breach of the agreement that existed between the parties is not a negligent act, error, or omission *to which this insurance applies, as explained in the policy excerpts referenced above.*

(Id., Exhibit "H") (emphasis added).

17. Utica did not offer a defense to Massamont under a reservation of rights, nor did it commence an action for declaratory relief in order to resolve the coverage issues. (Affidavit of Hilbert Schenck II, ¶ 36; Objections and Responses of Defendant, Utica Mutual Insurance Company, to Plaintiff's Request for Admissions, No. 43). Massamont is unaware of any efforts made by Utica to monitor the underlying arbitration as it proceeded. (Plaintiff's Answers to Defendant's First Set of Interrogatories, No. 2). Subject to the foregoing, the plaintiff admits the remaining statements contained in Paragraph 17.

18. Admitted.

19. The plaintiff admits that, by letter dated December 6, 2004, counsel for Massamont wrote to Utica requesting that it reconsider its coverage denial. The December 6, 2004 letter (a true and accurate copy of which is attached to the Affidavit of Hilbert Schenck II as Exhibit "K1") is a written document which speaks for itself. The plaintiff admits the December 6, 2004 letter did not address the assertion that Westchester's claims did not qualify as "negligent acts, errors, or omissions," as this assertion was not previously made by Utica in its March 4, 2004 denial letter.

Subject to the foregoing, the plaintiff admits the remaining statements contained in Paragraph 19.

20. The plaintiff admits that, by letter dated March 31, 2005, Utica responded to the December 6, 2004 correspondence from Massamont's counsel. The March 31, 2005 letter (a true and accurate copy of which is attached to the Affidavit of Hilbert Schenck II as Exhibit "L1") is a written document which speaks for itself.

21. Admitted.

22. The plaintiff disputes the statements contained in Paragraph 22. (Affidavit of Hilbert Schenck II, ¶ 40; Arbitration Transcript, pp. 57-59, 65-67, 71-76, 79-82, 99, 119-137, 147-148, 158-165, 187-196, 480-482, 533-536, 655-658, 663-672, 676-679, 704-707, 863-864, 868-875, 881-883, 894-896, 916, 972-974, & 1019-1022). The plaintiff also disputes that such statements are material to the issues raised by the defendant's Motion for Summary Judgment. As a defense-defaulting insurer, Utica is not permitted to reopen the underlying litigation in an effort to speculate upon what testimony or other evidence the arbitration panel may have relied to reach its decision.

23. Admitted.

24. Admitted.

25. Admitted.

                Respectfully submitted,
                The Plaintiff,
                MASSAMONT INSURANCE AGENCY, INC.,

                By its attorneys,
                PIERCE, DAVIS & PERRITANO, LLP

                John J. Davis, BBO #115890
                10 Winthrop Square
                Boston, MA 02110

Dated: May 30, 2006        (617) 350-0950