UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11897-WGY

_____
                                    )
MASSAMONT INSURANCE                 )
AGENCY, INC.                        )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
UTICA MUTUAL INSURANCE              )
COMPANY                             )
                                    )
            Defendant.              )
_____)

## DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), defendant Utica Mutual Insurance Company ("Utica") moves for issuance of a protective order on an emergency basis with respect to certain depositions recently noticed by plaintiff Massamont Insurance Agency ("Massamont"), on the grounds that the deadline set by this Court for the completion of fact witness depositions has expired, and Massamont has not sought relief from that deadline. In further support of this motion, Utica states as follows.

1. This is an action in which Massamont seeks a judicial declaration of the parties' rights and responsibilities under an insurance policy. Massamont filed the action on September 19, 2005, almost nine months ago.

2. The parties appeared before the Court for an initial scheduling conference on December 19, 2005. At that conference, Utica advocated for a bifurcation of the case, so that the parties could file cross-motions for summary judgment on the claims for breach of the duties to

defend and indemnify, while preserving for later discovery, if necessary, plaintiff's claim that Utica's denial of coverage constituted a violation of Chapters 93A and 176D. Massamont opposed Utica's request for bifurcation, and instead advocated a short discovery period, with all written discovery to be served by March 31, 2006, and all fact depositions to be completed by May 31, 2006.

3.  The Court adopted Massamont's proposed scheduling order, with minor modifications. As such, pursuant to Massamont's proposed schedule and this Court's Order, all written discovery was to be served by March 31, 2006, and all fact depositions were to be *completed* by May 31, 2006. A copy of the Scheduling Order is attached hereto.

4.  Both parties served written discovery requests on each other by the deadline set forth in the Scheduling Order, and Utica produced all requested documents to plaintiff by March 23, 2006.

5.  In early May, 2006, Massamont served a motion for partial summary judgment on Utica, seeking judgment on its claims for breach of contract and declaratory judgment, and Utica served a motion for summary judgment on Massamont, seeking judgment on all of Massamont's claims. These motions remain pending before the Court, and no hearing date has been set.

6.  As of May 31, 2006, the deadline for the completion of fact witness depositions, Massamont had not taken any depositions, served any deposition notices, or moved for an extension of the scheduling order deadline for the completion of fact witness depositions.

7.  On June 5, 2006, a week after the expiration of the deadline for the completion of fact witness depositions, Massamont noticed three fact witness depositions: (1) the deposition of Utica, by and through its designated representatives; (2) the deposition of the Keeper of Records of R.M.G. Investigations; and (3) the deposition of Robert Burkitt, an investigator employed by

R.M.G. Investigations.  In connection with these three notices of deposition, and the subpoenas served on RMG and Mr. Burkitt, Massamont again failed to seek any amendment to the Court's Order requiring all fact witness depositions to be *completed* by May 31, 2006.

8.      Massamont's notices of deposition (and subpoena to R.M.G.) are improper, and this Court should issue an Order prohibiting Massamont from taking these depositions, or any other fact witness depositions, as the scheduling order deadline for such depositions has expired. Massamont had more than ample opportunity to notice and conduct these depositions during the discovery period, but failed to do so.  More egregiously, Massamont served these deposition notices after the date on which these depositions were to be completed, without first seeking relief from the deadline from this Court.

9.      Massamont may argue that it noticed these depositions solely for the purpose of preserving its right to take discovery at some later point on its bad faith claims, and that it should be excused for failing to notice these depositions during a period in which the parties were focused on preparing and opposing their cross-motions for summary judgment.  The Court should reject this argument, however, in the same way that Massamont rejected Utica's suggestion for structuring the case in this very fashion back in December, 2005.  Massamont asked the Court to set a deadline for fact witness depositions of May 31, 2006, and the Court acceded to that request.  Under these circumstances, Massamont should not be excused from complying with the Court's Order.

WHEREFORE, Utica respectfully requests that this Court issue an Order prohibiting Massamont from conducting any fact witness depositions in this matter, including the three depositions described above.

3

**REQUEST FOR HEARING**

Utica requests that the Court hear argument on this motion.

UTICA MUTUAL INSURANCE COMPANY

By its attorneys,

/s/ Jacob A. Labovitz
_____
Russell F. Conn, Esq. (BBO#94440)
Erin K. Higgins, Esq. (BBO#559510)
Jacob A. Labovitz, Esq. (BBO#646967)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02110
(617) 482-8200

Dated:  June 13, 2006

**CERTIFICATE OF COMPLIANCE WITH RULES 7.1(A)(2) and 37.1
OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

The undersigned counsel for defendant Utica Mutual Insurance Company ("Utica") certifies that on June 13, 2006, undersigned counsel conferred by telephone with John Davis, counsel for the plaintiff, Massamont Insurance Agency, Inc., in a good faith effort to resolve the issues set forth in Utica's Motion for Protective Order, filed herewith.  This conference was unsuccessful in resolving the issues raised in the Motion.

/s/ Jacob A. Labovitz
_____
Jacob A. Labovitz

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system on June 13, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jacob A. Labovitz
_____
Jacob A. Labovitz

256104.1

Case 1:05-cv-11897-WGY    Document 29-2    Filed 06/13/2006    Page 1 of 5
Case 1:05-cv-11897-WGY    Document 12    Filed 12/20/2005    Page 1 of 5
Case 1:05-cv-11897-WGY    Document 11    Filed 12/12/2005    Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11897-WGY

|  |  |
|---|---|
| MASSAMONT INSURANCE AGENCY, INC., </br></br> Plaintiff, </br></br> vs. </br></br> UTICA MUTUAL INSURANCE COMPANY, </br></br> Defendant. | YOUNG, D.J. / *as modified* </br> So ordered as the case management scheduling order. </br> Discovery due *July 31, 2006* </br> Dispositive Motions due *Sept 14, 2006* </br></br> *William G. Young* </br> U.S. District Judge |

**JOINT STATEMENT WITH PROPOSED PRETRIAL SCHEDULE
PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to the Court's Notice of Scheduling Conference and Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts, counsel for the above-named parties have conferred and state as follows:

I.   **Discovery Plan and Motion Schedule:**

   A.   Plaintiff's Proposed Schedule

Massamont Insurance Agency, Inc. ("Massamont") proposes the following pre-trial schedule:

(a)   Automatic Disclosures shall be completed by January 10, 2006;

(b)   Written discovery requests to be served by January 31, 2006, and answers/responses thereto to be served within the time periods provided by the Rules;

1

Case 1:05-cv-11897-WGY   Document 29-2   Filed 06/13/2006   Page 2 of 5
Case 1:05-cv-11897-WGY   Document 12   Filed 12/20/2005   Page 2 of 5
Case 1:05-cv-11897-WGY   Document 11   Filed 12/12/2005   Page 2 of 5

(c) Supplemental written discovery requests (if any) to be served by March 31, 2006, and answers/responses thereto to be served within the time periods provided by the Rules;

(d) All depositions to be completed by May 31, 2006, except for expert witnesses;

(e) Expert witnesses of party with burden of proof on subject matter of expert's anticipated testimony shall be designated by June 16, 2006; opposing expert witnesses shall be designated within twenty-one (21) days after opponent's designation; designation of experts shall include disclosure of information required by the Federal Rules of Civil Procedure and /or the Local Rules of the United States District Court for the District of Massachusetts; depositions of expert witnesses (if any) shall be completed by July 31, 2006;

(f) All dispositive motions to be filed by September 14, 2006, and responses thereto ~~to be filed within thirty days thereafter~~ pursuant to Local Rule 7.1.; and

(g) A final pre-trial conference will be held per order of the Court.

B.  Defendant's Proposed Schedule

Utica Mutual Insurance Company ("Utica") has filed a motion to bifurcate Massamont's Chapter 93A and 176D claims, and to stay discovery on these claims pending issuance of a ruling on Utica's anticipated motion for summary judgment on Massamont's declaratory judgment and breach of contract claims. Because Massamont's declaratory judgment and breach of contract claims can be resolved without the need for any discovery in this action, Utica submits that this is a case in which the automatic disclosures described in Rule 26(a)(1) would not be appropriate. If the Court grants

2

Case 1:05-cv-11897-WGY   Document 29-2   Filed 06/13/2006   Page 3 of 5
Case 1:05-cv-11897-WGY   Document 12   Filed 12/20/2005   Page 3 of 5
Case 1:05-cv-11897-WGY   Document 11   Filed 12/12/2005   Page 3 of 5

Utica's motion to bifurcate, Utica proposes the following pre-trial schedule:

Phase I

(a) Summary judgment motions on Massamont's breach of contract and declaratory judgment claims shall be filed by February 28, 2006;

(b) Oppositions to motions for summary judgment on Massamont's breach of contract and declaratory judgment claims shall be filed by March 31, 2006;

(c) Reply briefs in support of summary judgment motions on plaintiff's breach of contract and declaratory judgment claims shall be filed by April 14, 2006;

(d) Hearing on motions for summary judgment to be set by the Court;

Phase II

If the Court's rulings on the parties' motions for summary judgment do not dispose of the entire case, Utica proposes that the parties appear before the Court for the purpose of setting a schedule to govern discovery on any remaining issues in the case. Alternatively, should the Court wish to enter such a schedule now, Utica proposes that the following schedule govern discovery;

(e) All written discovery requests to be served within 120 days from the date of entry of the Court's ruling on the summary judgment motions, and answers/responses thereto to be served within the time periods provided by the Rules;

(f) All depositions to be completed within 120 days from the date of entry of the Court's ruling with respect to summary judgment motions, except for expert witnesses;

3

Case 1:05-cv-11897-WGY   Document 29-2   Filed 06/13/2006   Page 4 of 5
Case 1:05-cv-11897-WGY   Document 12   Filed 12/20/2005   Page 4 of 5
Case 1:05-cv-11897-WGY   Document 11   Filed 12/12/2005   Page 4 of 5

(g) Expert witnesses of party with burden of proof on subject matter of expert's anticipated testimony shall be designated within 150 days from the Court's ruling with respect to summary judgment motions; opposing expert witnesses shall be designated within 180 days after the Court's ruling with respect to summary judgment motion; depositions of expert witnesses (if any) shall be completed within 210 days after the Court's ruling with respect to summary judgment motions.

(h) Additional dispositive motions, if any, to be filed within 240 days from the Court's ruling with respect to initial summary judgment motions, and responses thereto to be filed within thirty days thereafter pursuant to Local Rule 7.1.; and

(i) A final pre-trial conference will be held per order of the Court.

## II. Depositions

A. <u>Plaintiff's Position</u>

Massamont intends to conduct approximately four to six depositions during the discovery period.

B. <u>Defendant's Position</u>

As set forth in its motion to bifurcate, Utica does not believe that any discovery is necessary to resolve Massamont's declaratory judgment and breach of contract claims, and it has moved for a stay on discovery pending issuance of a ruling on anticipated dispositive motions regarding these claims. Should discovery become necessary on Massamont's remaining claims, Utica does not anticipate exceeding the limitations on discovery as set forth in Local Rule 26.1(c).

Case 1:05-cv-11897-WGY    Document 29-2    Filed 06/13/2006    Page 5 of 5
Case 1:05-cv-11897-WGY    Document 12     Filed 12/20/2005    Page 5 of 5
Case 1:05-cv-11897-WGY    Document 11     Filed 12/12/2005    Page 5 of 5

III. **Certifications**

Certifications regarding each party's consultation with counsel concerning budgets and alternative dispute resolution will be filed separately.

IV. **Magistrate**

The parties do not presently consent to a trial by Magistrate.

          The Plaintiff,
          MASSAMONT INSURANCE AGENCY, INC.,

          By its attorneys,
          **PIERCE, DAVIS & PERRITANO, LLP**


          /s/ John J. Davis
          John J. Davis, BBO #115890
          10 Winthrop Square
          Boston, MA 02110
          (617) 350-0950


          The Defendant,
          UTICA MUTUAL INSURANCE CO.,

          By its attorneys,
          **CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP**


          /s/ Erin K. Higgins
          Erin K. Higgins, BBO #559510
          Ten Post Office Square
          Boston, MA 02110
          (617) 482-8200

December 12, 2005

242576.1