UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11897-WGY

|  |  |
|---|---|
| MASSAMONT INSURANCE AGENCY, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| UTICA MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY
MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE,
REQUEST FOR LEAVE TO EXTEND DISCOVERY DEADLINES –
AND REQUEST FOR ORAL ARGUMENT**

The plaintiff, Massamont Insurance Agency, Inc. (hereinafter "Massamont"), hereby opposes Defendant's Emergency Motion for a Protective Order on the grounds that the discovery deadline, as ordered by this Court, has not yet expired. In the alternative, Massamont respectfully requests this Court to extend the discovery deadlines by sixty (60) days, a modest enlargement that can be accomplished without delaying the Pre-Trial Conference currently scheduled for November 6, 2006, or the assignment of this matter to the Running Trial List for December 4, 2006. As grounds therefor, Massamont states as follows:

**I.   The Discovery Deadline Has Not Yet Expired.**

Following the Scheduling Conference held in this matter on December 19, 2005, the Court endorsed the parties' Joint Statement submitted under Local Rule 16.1(D) as follows:

> So ordered as modified as the case management scheduling order. Discovery
> due July 31, 2006. Dispositive Motions due Sept. 14, 2006.

On the next day (December 20, 2005), the Clerk entered the following Order on the docket:

> ORDER AS MODIFIED entered re: JOINT STATEMENT re scheduling conference. Discovery to be completed by 7/31/2006. Dispositive Motions due by 9/14/2006. (Smith, Bonnie)

Counsel for Massamont interpreted the above endorsement and Order to mean that the parties were free to conduct discovery until July 31, 2006, not that "Plaintiff's Proposed Schedule" as set forth in the submitted Joint Statement had been adopted in its entirety. Consistent with this interpretation, Massamont served a Request for Admissions pursuant to Fed. R. Civ. P. 36 upon Utica on April 10, 2006,[1] despite the fact that "Plaintiff's Proposed Schedule," as set forth in the Joint Statement, provided that written discovery requests were to be served by January 31, 2006, and that supplemental written discovery requests (if any) were be served by March 31, 2006. Counsel for Utica, presumably concurring that "Plaintiff's Proposed Schedule" from the Joint Statement was not adopted in its entirety, did not raise an objection to Massamont's service of its Rule 36 Request as "late." Rather, Utica duly responded to the Request for Admissions within the time period provided by the Rules.

Had Utica objected to plaintiff's Request for Admissions as late at or about the time it was served – i.e., on April 10, 2006 – the plaintiff, if it agreed with defendant's objection, could have taken timely, appropriate measures to protect its interests by either (1) seeking immediate leave to amend the operative Schedule more than two months ago; or (2) immediately scheduling depositions to completed, per the Schedule, by May 31, 2006. Instead, by duly responding to the Request for Admissions within thirty days, Utica led Massamont to believe that it too understood

---

[1] This Request followed Massamont's receipt and review of Utica's voluminous document production in response to Massamont's previous Request for the Production of Documents.

that "Plaintiff's Proposed Schedule" was indeed no more than a proposal, and that all discovery, in whatever form, was due to be completed by July 31, 2006.

On June 5, 2006, counsel for Massamont noticed three depositions to be conducted well before expiration of the discovery deadline on July 31, 2006: (1) the deposition of the Keeper of the Records of R.M.G. Investigations, Inc. (the entity retained by Utica to investigate the third-party liability claim made against Massamont), to be held on June 16, 2006; (2) the deposition of Robert B. Burkitt, Manager of R.M.G. Investigations, Inc., to be held on June 22, 2006; and (3) the Rule 30(b)(6) deposition of Utica to be held on June 23, 2006.[2] By scheduling such depositions, Massamont did not intend to deliberately disregard this Court's Order of December 20, 2005. On the contrary, Massamont reasonably understood it was still entitled to conduct such discovery, an understanding reinforced by defendant's own response (without objection) to Massamont's Request for Admissions.

## II.     If, In The Alternative, The Discovery Deadline Has Expired, Good Cause Exists To Extend The Discovery Deadlines By Sixty Days.

In the event Massamont erred in believing that its "Proposed Schedule" was not adopted in its entirety (including the May 31, 2006 deadline for the completion of lay depositions,) Massamont respectfully requests leave of this Court to extend the discovery deadlines by sixty (60) days. Specifically, Massamont requests the Court to amend its December 20, 2005 Order as follows:

| Activity | Former Deadline | Revised Deadline |
| --- | --- | --- |
| All lay depositions completed | May 31, 2006 | July 31, 2006 |

---

[2] In the parties' Joint Statement, Massamont represented that it intended to conduct approximately four to six depositions during discovery.

| | | |
|---|---|---|
| Expert witnesses designated by party with burden of proof[3] | June 16, 2006 | August 16, 2006 |
| Depositions of expert witnesses completed | July 31, 2006 | September 30, 2006 |

As grounds for this request, Massamont states as follows:

1. Sixty-day extensions of the above deadlines will not delay the proceedings in this matter. The parties have already filed cross-Motions for Summary Judgment,[4] which are scheduled for hearing on June 29, 2006. Under the revised schedule, depositions of expert witnesses would still be completed by September 30, 2006, more than five (5) weeks before the Pre-Trial Conference scheduled for November 6, 2006. In short, there should be no need to continue the Pre–Trial Conference or the assignment of this matter to the Running Trial List for December 4, 2006, if the discovery deadlines are extended by 60 days.

2. The parties have, to date, been diligent in prosecuting this action. After exchanging Initial Disclosures and written discovery requests and responses, both parties filed Motions for Summary Judgment on the insurance coverage Counts of plaintiff's Complaint more than four (4) months before the dispositive motion deadline. In defendant's view, the case is now ready to be disposed of in its entirety. In plaintiff's view, the case can be significantly narrowed by the Court's determination of the coverage issues, leaving only defendant's alleged Chapter 93A violations to be tried. On May 31, 2006, the parties participated in mediation before Magistrate Judge Dein. Mediation was unsuccessful in resolving the dispute. On June 5, 2006, three (3)

---

[3] Opposing expert witnesses should still be designated within twenty-one (21) days thereafter.

[4] Massamont filed a Motion for Partial Summary Judgment on May 5, 2006. Utica filed a Motion for Summary Judgment on all Counts on May 8, 2006.

business days following the mediation, Massamont noticed the three depositions described above – the Keeper of Records of R.M.G. Investigations, Robert B. Burkitt of R.M.G. Investigations, and the defendant Utica by its Rule 30(b)(6) designee(s). The depositions noticed by Massamont are designed to discover information primarily, if not exclusively, relating to plaintiff's Chapter 93A claims against Utica. Although Massamont elected to postpone further discovery on its Chapter 93A claims pending the outcome of mediation (rather than incurring perhaps unnecessary expense), it immediately sought to complete its discovery on such claims after the mediation proved unsuccessful. No prior requests for extensions were ever made by either party to the Court.

3. Sixty-day extensions of the above deadlines will not prejudice the defendant, as both parties will be permitted, during such extended periods, to conduct whatever depositions they deem appropriate. Moreover, Utica cannot now be heard to complain that no further discovery should be conducted on the Chapter 93A claims now that cross-Motions for Summary Judgment have been filed, as this is the precise sequence proposed by the defendant in the Joint Statement. On the contrary, if the above deadlines should not be extended, Massamont will suffer prejudice as its counsel was operating under the assumption (perhaps mistaken) that the deadline for the completion of all discovery was July 31, 2006.

4. In its Motion for Summary Judgment filed on May 8, 2006, Utica moves for judgment on all Counts of plaintiff's Complaint, including those seeking recovery under M.G.L. Chapter 93A (Counts II & V). The plaintiff has opposed Utica's Motion, relying, in part, on the Affidavit of Hilbert Schenck II and exhibits thereto. Rule 56(f) of the Federal Rules of Civil Procedure states as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus, this Court has the discretion to order a continuance of any hearing on defendant's Motion so that depositions may be taken or discovery may be had by the opposing party (Massamont) to develop facts essential to justify its opposition. Rule 56(f) is liberally construed by federal courts. It "provides a safety valve for claimants genuinely in need of further time to marshal facts, essential to justify their opposition to a summary judgment motion." John Beaudette, Inc. v. Sentry Ins. A Mutual Co., 94 F. Supp. 2d 77, 129 (D. Mass. 1999), quoting Reid v. State of New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995). A "strong presumption" lies in favor of allowing discovery. Id. And while a party seeking additional discovery must show due diligence, such discovery should be allowed where the requesting party "articulates a plausible need for the discovery, makes a timely proffer, shows good cause for not conducting the discovery earlier, and demonstrates that the facts are discoverable within a reasonable amount of time and, if adduced, will influence the outcome of the pending summary judgment motion." Id., citing Morrissey v. Boston Five Cents Savings Bank, 54 F.3d 27, 35 (1st Cir. 1995); Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). In light of Massamont's demonstrated due diligence, this Court should exercise its discretion under Rule 56(f) by extending the above deadlines by 60 days.

WHEREFORE, for the reasons set forth above, the plaintiff, Massamont Insurance Agency, Inc., requests that the Court deny Defendant's Emergency Motion for a Protective Order. In the alternative, the plaintiff requests the Court to extend the discovery deadlines for 60

days as set forth above.

## REQUEST FOR ORAL ARGUMENT

The plaintiff believes that oral argument may assist the Court in resolving the issues raised in Defendant's Emergency Motion for a Protective Order and, accordingly, wishes to be heard at oral argument.

                The Plaintiff,
                MASSAMONT INSURANCE AGENCY, INC.,

                By its attorneys,
                **PIERCE, DAVIS & PERRITANO, LLP**

                /s/ John J. Davis
                _____
                John J. Davis, BBO #115890
                10 Winthrop Square
                Boston, MA 02110
                (617) 350-0950

Dated: June 14, 2006

---

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon each attorney of record by electronic mail.

6/14/06    /s/ John J. Davis
_____  _____
Date