UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11897-WGY

|  |  |
|---|---|
| MASSAMONT INSURANCE AGENCY, INC., </br></br> Plaintiff, </br></br> UTICA MUTUAL INSURANCE COMPANY, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
EMERGENCY MOTION TO EXTEND DISCOVERY DEADLINES**

The plaintiff, Massamont Insurance Agency, Inc., hereby moves to extend the discovery deadlines set forth in the Joint Statement by sixty (60) days. Specifically, Massamont proposes the following revisions:

| Activity | Former Deadline | Revised Deadline |
|---|---|---|
| All lay depositions completed | May 31, 2006 | July 31, 2006 |
| Expert witnesses designated by party with burden of proof[1] | June 16, 2006 | August 16, 2006 |
| Depositions of expert witnesses completed | July 31, 2006 | September 30, 2006 |

This Motion is based on the grounds set forth below:

---

[1] Opposing expert witnesses should still be designated within twenty-one (21) days thereafter.

I.  **Extension Of The Discovery Deadlines Will Not Delay The Proceedings.**

The parties have already filed cross-Motions for Summary Judgment,[2] which are scheduled for hearing on June 29, 2006. Under the proposed revised schedule, all discovery would be completed by September 30, 2006, more than five (5) weeks before the Pre-Trial Conference scheduled for November 6, 2006. In short, there should be no need to continue the Pre-Trial Conference or the assignment of this matter to the Running Trial List for December 4, 2006, if the discovery deadlines are extended by 60 days. The proceedings in this matter will not be delayed.

II.  **The Plaintiff Has Not Unduly Delayed In Prosecuting This Action.**

In January 2006, the parties exchanged Initial Disclosures and written discovery requests. The plaintiff propounded its First Request for Production of Documents on the defendant on January 21, 2006. After requesting and receiving several extensions, the defendant completed its document production on March 24, 2006. Based on its review of the numerous documents produced, the plaintiff thereafter served a Request for Admissions pursuant to Rule 36 on the defendant on April 10, 2006, and commenced the preparation of its Motion for Partial Summary Judgment. Massamont filed its Motion for Partial Summary Judgment on May 5, 2006, four months before the dispositive motion deadline. Utica filed its Motion for Summary Judgment three days later, on May 8, 2006. The parties then prepared and submitted Oppositions to their opponents' Motions; Utica filed its Opposition on May 26, 2006, and Massamont filed its Opposition on May 30, 2006.

---

[2] Massamont filed a Motion for Partial Summary Judgment on May 5, 2006. Utica filed a Motion for Summary Judgment on all Counts on May 8, 2006.

On May 24, 2006, the parties submitted confidential memoranda to Magistrate Judge Dein pursuant to the Court's order of reference to ADR. Thereafter, the parties participated in non-binding mediation before Magistrate Judge Dein on May 31, 2006. The mediation proved unsuccessful in resolving the dispute.

Plaintiff's Motion for Partial Summary Judgment attempts to narrow significantly the issues in dispute by seeking judgment on the coverage Counts of its Complaint. However, because material facts remain in dispute with respect to defendant's alleged Chapter 93A violations, the plaintiff did not move for judgment on those Counts of its Complaint (Counts II & V). On May 9, 2006, Utica responded to plaintiff's Request for Admissions. On June 5, 2006, after the exchange of summary judgment papers and the unsuccessful mediation five days earlier, Massamont noticed three depositions designed to discover information primarily, if not exclusively, relating to plaintiff's Chapter 93A claims against Utica. These notices prompted Utica's filing of an Emergency Motion for Protective Order, which was allowed by this Court on June 14, 2006.

Although plaintiff may have misinterpreted the discovery deadlines as ordered by the Court, the above sequence does not reflect a lackadaisical approach to the litigation. On the contrary, it demonstrates a diligence on plaintiff's part to advance the case at an aggressive pace and, if possible, significantly narrow the issues for trial. In such circumstances, this Court may, within its discretion, permit a reasonable extension of the discovery deadlines.

### III. Extension Of The Discovery Deadlines Will Not Prejudice The Defendant.

Sixty-day extensions of the above deadlines will not prejudice the defendant, as both parties will be permitted, during such extended periods, to conduct whatever depositions they

deem appropriate. Moreover, Utica cannot now be heard to complain that no further discovery should be conducted on the Chapter 93A claims now that cross-Motions for Summary Judgment have been filed, as this is the precise sequence proposed by the defendant in the Joint Statement. On the contrary, if the above deadlines should not be extended, Massamont will suffer prejudice as its counsel was operating under the assumption that the deadline for the completion of all discovery was July 31, 2006.

## IV.  Reasonable Extension Of The Discovery Deadlines Is Appropriate Under Rule 56(f).

In its Motion for Summary Judgment filed on May 8, 2006, Utica moves for judgment on all Counts of plaintiff's Complaint, including those seeking recovery under M.G.L. Chapter 93A (Counts II & V). The plaintiff has opposed Utica's Motion, relying, in part, on the Affidavit of Hilbert Schenck II and exhibits thereto. Rule 56(f) of the Federal Rules of Civil Procedure states as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus, this Court has the discretion to order a continuance of any hearing on defendant's Motion so that depositions may be taken or discovery may be had by the opposing party (Massamont) to develop facts essential to justify its opposition.

Rule 56(f) is liberally construed by federal courts. It "provides a safety valve for claimants genuinely in need of further time to marshal facts, essential to justify their opposition to a summary judgment motion." John Beaudette, Inc. v. Sentry Ins. A Mutual Co., 94 F. Supp. 2d 77, 129 (D. Mass. 1999), quoting Reid v. State of New Hampshire, 56 F.3d 332, 341 (1st Cir.

1995). A "strong presumption" lies in favor of allowing discovery. Id. And while a party seeking additional discovery must show due diligence, such discovery should be allowed where the requesting party "articulates a plausible need for the discovery, makes a timely proffer, shows good cause for not conducting the discovery earlier, and demonstrates that the facts are discoverable within a reasonable amount of time and, if adduced, will influence the outcome of the pending summary judgment motion." Id., citing Morrissey v. Boston Five Cents Savings Bank, 54 F.3d 27, 35 (1st Cir. 1995); Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). In light of Massamont's demonstrated diligence, the lack of prejudice to the defendant and the potential for prejudice to the plaintiff, this Court should exercise its discretion under Rule 56(f) by extending the above deadlines by 60 days.

WHEREFORE, the plaintiff, Massamont Insurance Agency, Inc., for the reasons set forth above, respectfully requests that this Court extend the discovery deadlines set forth in the Joint Statement by sixty (60) days.

>The Plaintiff,
>MASSAMONT INSURANCE AGENCY, INC.,
>
>By its attorneys,
>**PIERCE, DAVIS & PERRITANO, LLP**
>
>/s/ John J. Davis
>_____
>John J. Davis, BBO #115890
>10 Winthrop Square
>Boston, MA 02110
>(617) 350-0950

Dated: June 15, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon each attorney of record by electronic mail.

6/15/06       /s/ John J. Davis