UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
MASSAMONT INSURANCE                )
AGENCY, INC.                                   )
                                                  )
              Plaintiff,                        )
                                                  )        CIVIL ACTION NO. 05-11897-WGY
v.                                                 )
                                                  )
UTICA MUTUAL INSURANCE         )
COMPANY                                      )
                                                  )
              Defendant.                      )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
TO EXTEND DISCOVERY DEADLINES**

Defendant Utica Mutual Insurance Company ("Utica") hereby submits its opposition to

the emergency motion filed by plaintiff Massamont Insurance Agency, Inc. ("Massamont") to

extend the discovery deadlines in this matter. Massamont's motion should be denied, because the

schedule which Massamont now seeks to change is the same schedule urged by Massamont at the

scheduling conference in this matter, and Massamont has set forth no extenuating circumstances

justifying its failure to adhere to that schedule.

The parties to this action filed their Rule 16.1(D) Joint Statement on December 12, 2005.

The parties did not agree on the proposed discovery plan, as Utica had filed a motion to bifurcate

Massamont's Chapter 93A claim from Massamont's breach of contract and declaratory judgment

claims. Utica therefore proposed a two-phase schedule. In Phase I, the parties would brief and

argue summary judgment motions on the coverage claims. In Phase II, if the Court's summary

judgment rulings did not dispose of the case, Utica proposed that the Court set a further discovery

schedule, or in the alternative, that the parties be provided with a four-month period in which to

complete fact discovery following entry of the Court's summary judgment decision.

Massamont refused to agree to Utica's two-phase proposal. Instead, Massamont proposed that discovery commence right away, with all fact discovery to be concluded by May 31, 2006, expert disclosures in compliance with Federal Rule 26(a)(2)(B) to be made by June 16, 2006, and expert depositions to be concluded by July 31, 2006.

At the December 19, 2006 Scheduling Conference, the Court denied Utica's motion to bifurcate, and adopted Massamont's proposed discovery plan. In accord with this ruling, the Court marked out all of Utica's proposed sections of the discovery plan, leaving only the discovery deadlines proposed by the plaintiff. A copy of the Scheduling Order, as adopted by the Court, is attached hereto as Exhibit A.

On January 31, 2006, Utica's counsel served an initial set of written discovery requests on Massamont. In the cover letter accompanying Utica's discovery requests, counsel acknowledged the deadlines in the Scheduling Order and their binding effect, stating:

> As you know, the Scheduling Order in this case, as entered by the Court, provides an initial deadline for the service of discovery requests of January 31, 2006, and a further deadline for the service of supplemental discovery requests of March 31, 2006. As you also are aware, it is Utica's position in this case that the court can rule on Massamont's claims in this matter as a matter of law, without the need for any discovery. To that end, Utica expects to serve on you shortly a motion for summary judgment on all of Massamont's claims.
>
> Nevertheless, in order to comply with the Court's Scheduling Order, enclosed please find Utica's First Set of Interrogatories and First Request for Production of Documents.

A copy of counsel's January 31, 2006 letter is attached at Tab B.

The parties thereafter proceeded to exchange discovery responses and pertinent documents. As Massamont acknowledges in its motion, Utica had completed its document production by March 24, 2006, more than two months before the deadline for fact witness depositions. Thus, Massamont had plenty of time in which to notice fact witness depositions, and

its motion provides no explanation for its failure to do so. Because Massamont is the party that initially urged the May 31, 2006 deposition deadline, Massamont should not now be permitted to extend that deadline (which *already* has expired) without cause.

For the same reason, the Court should deny Massamont's request for an extension of the deadlines applicable to expert witness disclosures and depositions. As indicated in the attached Scheduling Order, Massamont proposed these deadlines, and obviously spent time in crafting language specifying that the form of the disclosures would have to comply with all applicable federal and local rules. Massamont now seeks to extend those deadlines *beyond* the date of July 31, 2006 first set by the Court as the deadline for all discovery in this case, even though Massamont acknowledges that it has known about the July 31st deadline for many months. Moreover, Massamont again sets forth no extenuating circumstances justifying this delay.

Massamont claims in its motion that extension of the discovery deadlines in this matter will cause no prejudice to Utica. This is simply not true. As the case now stands, Massamont has missed the deadline for fact witness depositions, and the Court has granted Utica's motion for protective order with respect to three depositions noticed by Massamont after the deadline. If the Court resets the fact witness deadline to July 31, 2006, Utica expects that the plaintiff will move to vacate the Court's protective order, requiring Utica to expend significant time and expense in preparing for and attending these and other depositions that could be noticed by plaintiff. Thus, Utica will indeed suffer prejudice if Massamont is excused from its non-compliance with the Court's Scheduling Order.

For the above-stated reasons, Utica respectfully requests that the Court deny plaintiff's emergency motion to extend the discovery deadlines in this matter.

UTICA MUTUAL INSURANCE COMPANY

By its attorneys,

/s/ Jacob A. Labovitz
_____
Russell F. Conn, Esq. (BBO#94440)
Erin K. Higgins, Esq. (BBO#559510)
Jacob A. Labovitz, Esq. (BBO#646967)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02110
(617) 482-8200

Dated:  June 19, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system on June 19, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jacob A. Labovitz
_____
Jacob A. Labovitz

256396.1

**TAB A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11897-WGY

| | |
|---|---|
| MASSAMONT INSURANCE<br>AGENCY, INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>UTICA MUTUAL<br>INSURANCE COMPANY, )<br><br>Defendant. ) | YOUNG, D.J., / *as modified*<br>So ordered as the case management<br>scheduling order.<br>Discovery due *July 31 2006*<br>Dispositive Motions due *Sept 14, 2006*<br><br>*William A. Young*<br>U.S. District Judge |

## JOINT STATEMENT WITH PROPOSED PRETRIAL SCHEDULE
## PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to the Court's Notice of Scheduling Conference and Rule 16.1(D) of the Local

Rules of the United States District Court for the District of Massachusetts, counsel for the above-

named parties have conferred and state as follows:

I.     **Discovery Plan and Motion Schedule:**

    A.     Plaintiff's Proposed Schedule

Massamont Insurance Agency, Inc. ("Massamont") proposes the following pre-trial

schedule:

    (a)     Automatic Disclosures shall be completed by January 10, 2006;

    (b)     Written discovery requests to be served by January 31, 2006, and

        answers/responses thereto to be served within the time periods provided by the

        Rules;

(c)   Supplemental written discovery requests (if any) to be served by March 31, 2006, and answers/responses thereto to be served within the time periods provided by the Rules;

(d)   All depositions to be completed by May 31, 2006, except for expert witnesses;

(e)   Expert witnesses of party with burden of proof on subject matter of expert's anticipated testimony shall be designated by June 16, 2006; opposing expert witnesses shall be designated within twenty-one (21) days after opponent's designation; designation of experts shall include disclosure of information required by the Federal Rules of Civil Procedure and /or the Local Rules of the United States District Court for the District of Massachusetts; depositions of expert witnesses (if any) shall be completed by July 31, 2006;

(f)   All dispositive motions to be filed by September 14, 2006, and responses thereto to be filed within thirty days thereafter pursuant to Local Rule 7.1.; and

(g)   A final pre-trial conference will be held per order of the Court.

B.   Defendant's Proposed Schedule

Utica Mutual Insurance Company ("Utica") has filed a motion to bifurcate Massamont's Chapter 93A and 176D claims, and to stay discovery on these claims pending issuance of a ruling on Utica's anticipated motion for summary judgment on Massamont's declaratory judgment and breach of contract claims. Because Massamont's declaratory judgment and breach of contract claims can be resolved without the need for any discovery in this action, Utica submits that this is a case in which the automatic disclosures described in Rule 26(a)(1) would not be appropriate. If the Court grants

2

Utica's motion to bifurcate, Utica proposes the following pre-trial schedule:

Phase I

(a)    Summary judgment motions on Massamont's breach of contract and declaratory judgment claims shall be filed by February 28, 2006;

(b)    Oppositions to motions for summary judgment on Massamont's breach of contract and declaratory judgment claims shall be filed by March 31, 2006;

(c)    Reply briefs in support of summary judgment motions on plaintiff's breach of contract and declaratory judgment claims shall be filed by April 14, 2006;

(d)    Hearing on motions for summary judgment to be set by the Court;

Phase II

If the Court's rulings on the parties' motions for summary judgment do not dispose of the entire case, Utica proposes that the parties appear before the Court for the purpose of setting a schedule to govern discovery on any remaining issues in the case. Alternatively, should the Court wish to enter such a schedule now, Utica proposes that the following schedule govern discovery:

(e)    All written discovery requests to be served within 120 days from the date of entry of the Court's ruling on the summary judgment motions, and answers/responses thereto to be served within the time periods provided by the Rules;

(f)    All depositions to be completed within 120 days from the date of entry of the Court's ruling with respect to summary judgment motions, except for expert witnesses;

3

(g)    Expert witnesses of party with burden of proof on subject matter of expert's anticipated testimony shall be designated within 150 days from the Court's ruling with respect to summary judgment motions; opposing expert witnesses shall be designated within 180 days after the Court's ruling with respect to summary judgment motion; depositions of expert witnesses (if any) shall be completed within 210 days after the Court's ruling with respect to summary judgment motions.

(h)    Additional dispositive motions, if any, to be filed within 240 days from the Court's ruling with respect to initial summary judgment motions, and responses thereto to be filed within thirty days thereafter pursuant to Local Rule 7.1.; and

(i)    A final pre-trial conference will be held per order of the Court.

**II.  Depositions**

A.  <u>Plaintiff's Position</u>

Massamont intends to conduct approximately four to six depositions during the discovery period.

B.  <u>Defendant's Position</u>

As set forth in its motion to bifurcate, Utica does not believe that any discovery is necessary to resolve Massamont's declaratory judgment and breach of contract claims, and it has moved for a stay on discovery pending issuance of a ruling on anticipated dispositive motions regarding these claims. Should discovery become necessary on Massamont's remaining claims, Utica does not anticipate exceeding the limitations on discovery as set forth in Local Rule 26.1(c).

4

III.    **Certifications**

Certifications regarding each party's consultation with counsel concerning budgets and alternative dispute resolution will be filed separately.

IV.    **Magistrate**

The parties do not presently consent to a trial by Magistrate.

The Plaintiff,
MASSAMONT INSURANCE AGENCY, INC.,

By its attorneys,
**PIERCE, DAVIS & PERRITANO, LLP**

/s/ John J. Davis
John J. Davis, BBO #115890
10 Winthrop Square
Boston, MA 02110
(617) 350-0950

The Defendant,
UTICA MUTUAL INSURANCE CO.,

By its attorneys,
**CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP**

/s/ Erin K. Higgins
Erin K. Higgins, BBO #559510
Ten Post Office Square
Boston, MA 02110
(617) 482-8200

December 12, 2005

242576.1

5

**TAB B**

## CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP

### COUNSELORS AT LAW

Ten Post Office Square, Boston, Massachusetts 02109

Tel: (617) 482-8200

Fax: (617) 482-6444

WRITER'S DIRECT DIAL: (617) 348-8223
E-MAIL: EHIGGINS@CKRPF.COM

January 31, 2006

THOMAS E. PEISCH
BOB B. ROSENTHAL
JAMES F. KAVANAUGH, JR.
RUSSELL F. CONN
GEORGE M. FORD
JAMES B. PELOQUIN
BARRY E. GOLD
THOMAS J. GALLITANO
NEIL R. SCHAUER
JAMES GRAY WAGNER
ERIN K. HIGGINS
STEVEN E. GURDIN
MICHAEL T. SULLIVAN
CONSTANCE M. MCGRANE
KURT B. FLIEGAUF

RONALD M. JACOBS
CAROL A. STARKEY
JENNIFER M. NORTON
SARA L. GOODMAN
ELISE S. WALD
MICHAEL R. BERNARDO
JACOB A. LABOVITZ
CARA A. FAUCI
JOHANNA L. MATLOFF
AMY C. STEWART
BETH NUZZO NEWMARK
SARAH E. WEBER
VALERIE CHRISTOPHILOS
MAYA L. SETHI

BY FAX AND REGULAR MAIL

John J. Davis, Esq.
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston MA  02110-1257

RE:    Massamont Insurance Agency v. Utica Mutual Insurance Company
       Civil Action No. 05-11897-WGY

Dear John:

As you know, the Scheduling Order in this case, as entered by the Court, provides an initial deadline for the service of discovery requests of January 31, 2006, and a further deadline for the service of supplemental discovery requests of March 31, 2006. As you also are aware, it is Utica's position in this case that the court can rule on Massamont's claims in this matter as a matter of law, without the need for any discovery. To that end, Utica expects to serve on you shortly a motion for summary judgment on all of Massamont's claims.

Nevertheless, in order to comply with the Court's Scheduling Order, enclosed please find Utica's First Set of Interrogatories and First Request for Production of Documents.

Please call me if you have any questions regarding the enclosed.

Very truly yours,

Erin K. Higgins

EKH/mkg/7663-59

cc:    Russell F. Conn, Esq.
       Jacob A. Labovitz, Esq.
       Marc A. Chilton (Utica Claim No. 732751) (w/encl.)